**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WELCH AND RUSHE, INC.**<br>**391 PRINCE GEORGE'S BLVD**<br>**UPPER MARLBORO, MD 20774**<br><br>**Plaintiff** | |
| **v.** | **Case No.** 17-cv-00089 |
| **WASHINGTON GAS ENERGY SYSTEMS, INC.**<br>**d/b/a WGL ENERGY SYSTEMS, INC.**<br>**6862 ELM STREET**<br>**SUITE 300**<br>**MCLEAN, VA 22101**<br><br>**SERVE REGISTERED AGENT:**<br><br>**CORPORATION SERVICE COMPANY**<br>**1090 VERMONT AVE NW**<br>**WASHINGTON, D.C. 20005**<br><br>**Defendant.** | **JURY DEMAND REQUESTED** |

## COMPLAINT

Plaintiff, Welch & Rushe, Inc. ("W&R"), by and through undersigned counsel, hereby files this Complaint against Defendant, Washington Gas Energy Systems, Inc. d/b/a WGL Energy Systems, Inc. ("WGL") and alleges the following.

## I. PARTIES

1. Plaintiff, W&R, is a corporation incorporated under the laws of Maryland with its principal place of business at 391 Prince George's Boulevard, Upper Marlboro, Maryland 20774. W&R is registered, licensed and authorized to do business in the District of Columbia.

2. Upon information and belief, Defendant, WGL, is a corporation incorporated under the laws of Delaware with its principal place of business at 6862 Elm Street, Suite 300, McLean, Virginia 22101. Upon information and belief, WGL is registered and authorized to do business in the District of Columbia.

3. At all relevant times alleged in this Complaint, Defendant was doing business under the name “Washington Gas Energy Systems, Inc.” Upon information and belief, Defendant currently does business under the trade name “WGL Energy Systems, Inc.”

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 (a) because all Defendants are citizens of different states and the amount in controversy, excluding interest and costs, exceeds $75,000.00.

5. Personal Jurisdiction and Venue are proper in this Court and District pursuant to 28 U.S.C. §1391 (b) because Defendant entered into a contract with Plaintiff to perform services in the District of Columbia, a substantial part of the events and omissions giving rise to the claim occurred in the District of Columbia, and all of the property that is the subject of the action is located within the District of Columbia.

## III. FACTS

### The Master Agreement, Work Order, and Project

6. On or about July 14, 2005, W&R and WGL entered into a “Master Agreement” to construct, provide, install, and maintain heating, ventilating, and air conditioning (“HVAC”) Products” (the “Master Agreement”). A copy of the Master Subcontract Agreement is attached to this Complaint as Exhibit A.

7. The Master Agreement provides, among other things, that W&R and WGL would execute follow-on “work orders” for defined scope(s) of work and that W&R would perform the work set forth in the Work Order in accordance with the terms of the Master Agreement and the Work Order exchange for agreed-upon compensation.

8. On or about March 31, 2011, W&R and WGL entered into a Work Order (the “Work Order”) in which W&R agreed to perform certain HVAC installation services for WGL at the United States Tax Court, 400 2nd Street, NW, Washington, DC 20217 (the “Project”). The Owner of the Project is the United States General Services Administration (“GSA” or the “Owner”). A copy of the Work Order is attached to this Complaint as Exhibit B.

9. The Prime Contractor to GSA was Dae Sung, a Native American owned business. Dae Sung in turn entered into a first-tier subcontract with WGL and WGL entered into the Work Order for the Project with W&R as WGL’s lower or second-tier subcontractor.

10. The Work Order contains an “Order of Precedence of Documents” provision that states “in the event of discrepancies between any of the documents to which the Parties are counter-signatories, or any documents referenced therein, the order of precedence shall be: (a) the Master Agreement dated July 14, 2005; (b) This Work Order; (v) GSA solicitation GS-11P-10-YA-C-0047; (d) Drawings and Specifications identified in GSA Solicitation; (e) Contractor’s proposal received 6 January 2011.”

11. Master Agreement Section III, “Price and Payment,” states, in relevant part: “Subject to its rights under this Agreement [WGL] **shall pay** [W&R’s] bill for services performed, less if so specified in the work order, a retainage amount, **within 30 days** of [WGL’s] receipt of [W&R’s] statement for charges for these services[.]” (Emphasis added).

12. Work Order Section 5 states that W&R shall be entitled to seek compensation for changes "arising from a material change in scope from the solicitation or from excessive delays beyond [W&R's] control[.]

**W&R's Outstanding Contract Balance**

13. W&R fully and timely performed and completed its Work in accordance with the Master Agreement and the Work Order, and WGL and GSA accepted W&R's Work. W&R last furnished labor or materials to the Project on January 6, 2015.

14. W&R timely invoiced for its work as required by the Master Agreement and the Work Order.

15. Upon information and belief, the Owner paid Dae Sung in full and in turn, Dae Sung paid WGL in full for W&R's Work. Neither GSA nor WGL has ever notified W&R of any rightful, timely, or proper bases for any withholding of the monies that W&R earned for completed and accepted work.

16. To the extent WGL claims that it was not paid, that is not an excuse for non-payment to W&R under the terms of the Master Agreement and Work Order.

17. Notwithstanding the facts that (a) W&R fully and satisfactorily performed; (b) WGL and GSA accepted W&R's work in full; and (c) W&R timely invoiced for its work, WGL has failed to pay W&R the total amount invoiced, due and owing to W&R.

18. Despite W&R's many efforts to collect payment, WGL continues to owe W&R an outstanding contract balance in the principal amount of at least $169,400.00.

**Unpaid Change Orders and Delay Damages Due and Owing to W&R**

19.     During the course of performing its work on the Project, W&R encountered a number of changed conditions that increased its cost to perform the work. Specifically, but without limitation, W&R encountered the following:

- Extensive, pervasive, and unforeseen asbestos-containing-material ("ACM") throughout the Project that W&R could not have reasonably discovered prior to entering into the Master Agreement or the Work Order; and

- Engineering changes made by GSA to the base HVAC scope of work, including, but not limited to: (i) GSA's directive to Dae Sung, and in turn from Dae Sung to WGL to change the specified capacity of chillers on the Project from 380 tons to 500 tons, and (ii) GSA's directive to Dae Sung, and in turn from Dae Sung to WGL, to add several air handling units to the scope of work.

20.     WGL directed W&R to perform its work in accordance with GSA/Dae Sung's change directives and in spite of the foregoing unforeseeable changed conditions, W&R complied with WGL's directive but reserved the right to pursue an equitable adjustment to its contract sum for the additional cost to perform the additional work.

21.     The foregoing unforeseeable changed conditions also caused GSA to issue two stop work orders, which Dae Sung issued to WGL, and WGL in turn issued to W&R. W&R incurred delay damages in the form of extended general conditions costs.

22.     In complying with WGL's directive, W&R was forced to disrupt, re-sequence, and delay extensive portions of its work at considerable additional cost and expense to W&R. Specifically, to date, W&R has incurred damages for changes and changed conditions in the following principal amounts:

- Pending but Unpaid Change Orders: $362,902.00
- Extended General Conditions $496,554.00

23. Despite W&R's many efforts to collect payment, WGL continues to owe W&R these outstanding amounts.

## IV. CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT

24. W&R incorporates the foregoing paragraphs 1 through 23 as if fully set forth herein.

25. The Master Agreement and Work Order are a valid and binding contract between W&R and WGL.

26. W&R performed all of its obligations under the Contract and all conditions precedent for payment have been met.

27. WGL breached its contract with W&R by failing to pay W&R the following principal amounts:

| | |
|---|---|
| Undisputed Contract Balance: | $169,400.00 |
| Pending But Unpaid Change Orders: | $362,902.00 |
| Extended General Conditions: | $496,554.00 |
| **TOTAL:** | **$1,028,856.00** |

28. The Owner has fully and unconditionally accepted W&R's work on the Project and has paid Dae Sung, and upon information and belief in turn, WGL for W&R's work.

29. WGL has no defense that would justify or excuse its breach by failing to timely and fully pay W&R.

30. As the direct result of WGL's material and inexcusable breaches, W&R has been damaged in the amount of at least $1,028,856.00, plus unpaid interest, cost, fees, and other expenses allowable by law.

31. W&R is further entitled to interest on all the above outstanding but unpaid amounts in accordance with the Federal Prompt Payment Act, 31 U.S.C. §3902, in addition to any other interest allowable under state and federal law.

WHEREFORE, W&R requests that the Court enter judgment against WGL in the principal amount of $1,028,856.00, plus pre-judgment and post-judgment interest, reasonable costs, fees, expenses, reasonable attorneys' fees as allowable by law, and such other and further relief as the Court my deem just and proper.

**COUNT II – UNJUST ENRICHMENT**

32. W&R incorporates the foregoing paragraphs 1 through 23 as if fully set forth herein.

33. W&R provided all services as required by Defendant and GSA for the benefit of Defendant in fulfillment of its legal and contractual obligations to GSA.

34. Defendant and GSA have accepted and retain the benefits conferred upon them by W&R; however, Defendant has not paid W&R a just amount for such benefits, as measured by the value of the benefits conferred and the cost W&R incurred in providing such benefits.

35. Defendant's retention of the benefits W&R conferred without compensating W&R is unjust. Defendant therefore has a duty of restitution to W&R.

WHEREFORE, W&R requests that the Court enter judgment against WGL in the principal amount of $1,028,856.00, plus pre-judgment and post-judgment interest, reasonable

costs, fees, expenses, reasonable attorneys' fees as allowable by law, and such other and further relief as the Court my deem just and proper.

## V. JURY DEMAND

W&R respectfully demands a jury trial on all counts so triable.

Dated: January 13, 2017          Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ Christian F. Henel
Lawrence M. Prosen (D.C. Bar No. 457703)
Christian F. Henel (D.C. Bar No. 989746)
607 14th Street, N.W., Suite 900
Washington, DC  20005
202.481.9940 (telephone)
202.379.2776 (facsimile)
Lprosen@kilpatricktownsend.com
Chenel@kilpatricktownsend.com